**Carolyn Sue (Dial) PAYNE, Appellant,**

v.

**Mark David DIAL, Appellee.**

**No. C14–91–00945–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1992.

M. Rene Sandel, Pasadena, for appellant.

William A. Orr, Jr., Bay City, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a judgment reducing the amount of child support from $300 per month to $200 per month. Appellant brings six points of error, mainly challenging the evidence supporting the reduction in payments. We reverse.

During the period the parties were married, appellee adopted Stephanie, the child subject of this suit. On November 11, 1986, appellee and appellant obtained a divorce which contained no orders regarding the payment of child support for the benefit of Stephanie. Appellee subsequently remarried and on April 6, 1989, a child was born to that marriage.

On June 12, 1989, a hearing was held on appellant's Motion to Modify in Suit Affecting the Parent Child Relationship (not the suit the subject of this appeal) in which she requested that appellee be ordered to pay support for Stephanie's benefit. Appellee failed to answer and based on the payroll records supplied by his employer, appellee was ordered to pay $300 per month beginning on July 1, 1989. After failing to pay the child support ordered, the appellee filed a Motion to Modify in Suit Affecting the Parent Child Relationship seeking to reduce his support obligations to Stephanie, in August of 1990. Appellant later filed a motion seeking to increase Appellee's child support obligations.

A hearing was held on both motions on March 18, 1991, at which time the parties stipulated that appellee was presently earning $13.50 per hour ($2,340 per month gross earnings; $1,861 per month net earnings under the child support guidelines). The evidence presented showed that appellee's second child by a subsequent marriage was born prior to the entry of the order mandating that he pay $300 per month for Stephanie's support. However, when granting the child support for Stephanie, the trial court was not aware appellee had another child to support. Appellee obtained a divorce from his second wife and a support order regarding his second child was entered, ordering him to pay $325 per month. Appellee's earnings have increased since the time of the original hearing setting the child support for Stephanie.

In her first three points of error, appellant argues that the trial court erred in granting appellee's request for reduction in child support because the evidence is legally or in the alternative, factually not sufficient to support a finding of a material and substantial change upon which to base such reduction. We agree.

■ When presented with a "no evidence" challenge, we must consider only the evidence and inferences that tend to support the finding, and disregard all evidence and inferences to the contrary. *Responsive Terminal Sys., Inc. v. Boy Scouts of Am.,* 774 S.W.2d 666 (Tex.1989). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639 (Tex.1989). When a factual insufficiency challenge is brought, we must consider all the evidence which supports and which is contrary to the finding. *Plas–Tex, Inc. v. United States Steel Corp.,* 772 S.W.2d 442 (Tex.1989). The finding will be set aside only if the evidence standing alone is too weak to support the finding, or the answer is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

■ In order to modify a child support order, the movant must show that there has been a material change in the circumstances of the children or the parents since the time the order was entered. *Belcher v. Belcher,* 808 S.W.2d 202 (Tex.App.—El Paso 1991, no writ). *See also* Tex.Fam. Code Ann. § 14.08(c)(2) (Vernon Supp.1992). When determining if modification of support is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *See Stofer v. Lin-*

*ville,* 662 S.W.2d 783 (Tex.App.—Houston [14th Dist.] 1983, no writ); *S.A.B.S. v. H.B.,* 767 S.W.2d 860 (Tex.App.—Corpus Christi 1989, no writ).

At the June 12, 1989 hearing, appellee was earning $11.30 per hour and was remarried with a second child to support. At the modification hearing, appellee was earning $13.50 per hour and was divorced from his second spouse and was obligated by court order to pay $325 per month for the support of his second child. Appellee's second child was in existence at the time the original order was entered, therefore his obligation to provide support for the child is not a factor in determining whether there is a material and substantial change. Appellee argues that since the trial court at the June 1989 hearing was unaware of the second child, his obligation to support the child should be considered at the modification hearing. However, to justify a modification under the Family Code, circumstances must have changed since the original support order was entered. Tex.Fam. Code Ann. § 14.08(c)(2) (Vernon Supp.1992). Appellee was supporting his second child at the original hearing and at the modification hearing. Therefore, we find no evidence in the record to justify the reduction of appellee's child support payments for the benefit of Stephanie. *See Penick v. Penick,* 780 S.W.2d 407 (Tex.App.—Texarkana 1989, writ denied). We sustain appellant's first three points of error.

Appellant's fifth point of error contends that the trial court erred in failing to grant her motion to increase the child support for the benefit of Stephanie. Appellant argues that appellee's wages and Stephanie's expenses have increased, therefore appellee should pay more support. Again, we find no evidence of a material and substantial change in the circumstances to justify an increase in payments. Appellee's slight increase in wages and appellant's mere assertion of Stephanie's financial needs is not sufficient evidence to support the modification of the original support order. *See Belcher v. Belcher,* 808 S.W.2d 202 (Tex.App.—El Paso 1991, no writ). *See also Baker v. Baker,* 719 S.W.2d 672 (Tex.App.—Fort Worth 1986, no writ). Appellant's fifth point of error is overruled.

Because of our disposition of the first three points of error, we need not consider appellant's fourth point of error.

We reverse the judgment of the trial court and render judgment restoring the orders contained in the original decree of June 12, 1989.