**Gary COLE, Appellant,**

v.

**Fredda Ray COLE, Appellee.**

No. C14–93–00495–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 11, 1994.

Rehearing Denied Sept. 15, 1994.

Ray Epps, Houston, for appellant.

Ozell Price, Dianne Richards, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Gary Cole appeals the refusal of the court below to grant his request that his ex-wife, Fredda Kay Cole, pay child support for the benefit of their daughter, Courtney Brooke Cole. In two points of error Gary challenges the trial court's conclusion that there was no material and substantial change in the circumstances of the parties, and he contends the court below abused its discretion by refusing to order Fredda to pay child support. We reverse and remand.

Gary sought modification of an Agreed Decree of Divorce rendered on February 22, 1991. That decree appointed Gary and Fredda joint managing conservators, awarded primary possession of Courtney to Gary, and, most important, did not order Fredda to pay child support. Gary sought the modification by means of a pleading styled "Original Petition in Suit Affecting the Parent–Child Relationship and for Further Action to Establish Child Support," filed March 19, 1992. Although Gary argues the intent of his pleading was to establish child support obligations, in fact it was nothing more than a motion to modify child support. The case was tried to the court on February 9, 1993. The court entered its order on February 17, 1993.

 In his first point of error Gary asserts the trial court's conclusion that there had been no material and substantial change in the circumstances of Courtney, himself, or Fredda, was against the great weight and preponderance of the evidence. This amounts to a challenge to the factual sufficiency of the evidence. When reviewing a factual sufficiency point, this Court will consider and weigh all the evidence. We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Guilbeau v.*

*Anderson,* 841 S.W.2d 517, 519 (Tex.App.—Houston [14th Dist.] 1992, no writ).

The Texas Family Code sets forth the prerequisites for modifying a child support order. A district court may modify a child support order only if evidence establishes that the circumstances of the child, or a person affected by the order, have materially and substantially changed since the entry of the decree. TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1994); *Giangrosso v. Crosley,* 840 S.W.2d 765, 769 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Stofer v. Linville,* 662 S.W.2d 783, 784 (Tex.App.—Houston [14th Dist.] 1983, no writ). To determine whether there has been a substantial and material change, the court must compare the financial circumstances of the child and the affected parties at the time the order was entered with their circumstances at the time the modification is sought. *Stofer,* 662 S.W.2d at 785. Without evidence setting out the financial circumstances of the parties at the time the original decree of divorce was entered, or the financial circumstances of the parties at the time of the hearing on the motion to modify, the family court cannot make a determination that there has been a material and substantial change.

Gary advances two arguments. Gary relies first on TEX.FAM.CODE ANN. § 14.056(a) (Vernon Supp.1994). Section 14.056(a) provides:

> The court *may* consider the guidelines for the support of a child in this chapter to determine whether there has been a material and substantial change in circumstances under Section 14.08(c)(2) of this code that may warrant a modification of an existing child support order if the modification is in the best interest of the child.... If the amount of support of a child contained in the order sought to be modified is not in substantial compliance with the guidelines, this *may* warrant a modification of a prior order in accordance with the guidelines if the modification is in the best interest of the child.

*Id.* (emphasis ours). Gary posits that by plain meaning of section 14.056(a) he had only to prove the amount of child support previously ordered did not conform to the guidelines in order to establish a material and substantial change in circumstances. He relies on *MacCallum v. MacCallum,* 801 S.W.2d 579 (Tex.App.—Corpus Christi 1990, writ denied), to support his argument. Gary further proposes that the statute limits the trial court's exercise of discretion only to setting the amount of support. Such a construction would preclude the court from entering an order that no support be paid.

We disagree with Gary's interpretation of section 14.056(a). His reliance on *MacCallum* is misplaced. In *MacCallum,* the court of appeals acknowledged that, pursuant to § 14.056(a), the family court could consider the guidelines when considering whether or not there has been a material and substantial change of circumstances. The court of appeals went on to state, however, in no uncertain terms, the fact the family court could consider the guidelines does not change the movant's burden of proof or create elements that establish the need for modification. *Id.* at 584. In essence, the court held that the guidelines were nothing more than a factor to be considered when determining whether a material and substantial change has taken place. We find the court of appeals' reasoning sound. Accordingly, we find that a prior child support order which is not in compliance with the guidelines does not by itself establish a material and substantial change in circumstances.

Gary next attacks the evidence itself. He argues the great weight and preponderance of the evidence conclusively established that the parties' financial positions and Courtney's needs had changed since the rendition of divorce. The transcript on appeal contains financial statements filed with the family court by the parties at the time of divorce, and at the time of the motion to modify. Although Fredda argues these documents are not marked as exhibits and the statement of facts does not reflect they were entered into evidence, we note that financial statements, appraisals, and other such documents properly filed with the court during the course of the proceeding of this nature constitute evidence upon which the family court can base its decision.

The evidence shows that at the time of divorce and of the hearing on the motion to modify Gary made $2000.00 a month, of which he took home approximately $1611.00. At the time of divorce, Fredda was making $350.00 a week, plus commissions; the financial statements show she made approximately $1516.00 a month, of which she took home about $1200.00. This figure does not appear to include any extra money for commission. At the time of the modification hearing, Fredda testified that she was making $400.00 a week, plus commission. She also stated the commission structure had changed and that she did not expect to earn any money in commissions in 1993. Her 1991 tax return shows a gross income of $22,888; her 1992 W-2 shows a gross income of $22,019. This indicates that in 1992 she earned about $423.44 a week, which equates to about $73.00 extra a week in commission.

At the time of divorce, the financial statements indicate Gary had about $1675.00 a month in expenses, including child support of $322.00 a month. Fredda had expenses of $1774.00 a month. At the time of the hearing, however, the financial statements indicate Fredda had expenses of $1459.00 a month, while Gary had expenses of at least $2012.00 a month, an amount in excess of his monthly gross income. Gary's own testimony was that he was two months in arrears on his financial obligations. The financial statement further shows $1362.00 of Gary's monthly expenses were attributable to the care of Courtney. Finally, an examination of financial statements reveals Courtney lived with her mother just prior to the rendition of the decree of divorce. A comparison of all statements demonstrate that after Courtney went to live with her father, his expenses for utilities, food, and housing went up, while the corresponding expenses for Fredda decreased.

Gary testified the expenses for raising Courtney had gone up. His testimony showing a substantial increase in designated expenses for Courtney is legally sufficient evidence and will support a trial court's finding of a material and substantial change in the situation of the child. *Giangrosso*, 840 S.W.2d at 769. Specifically, Gary stated tuition was $477.00 a month. This is an increase from $370.00 a month paid at the time of the divorce. Gary said health insurance for Courtney had risen to $65.00 a month. Fredda stated the insurance was only $26.00 a month in 1991, thus establishing it had gone up.

Fredda also testified she owed $3300.00 in medical expenses related to degenerative disc disease, and her financial sheet showed she owed approximately $1000.00 to credit cards and $25000.00 to her mother. The trial court cited Fredda's indebtedness as one of the reasons it declined to order child support. The court does not appeared to have considered Gary's dire financial straits in its order.

The record shows the circumstances of Gary, Fredda, and Courtney have materially and substantially changed since entry of the original divorce decree. The trial court's finding they had not is against the great weight and preponderance of the evidence. Therefore, we sustain Gary's first point of error. In his second point, Gary contends the trial court abused it discretion by refusing to set child support.

The trial court is given broad discretion in setting and modifying child support payments. Absent a clear abuse of discretion, this Court will not disturb a trial court's child support order on appeal. *Giangrosso*, 840 S.W.2d at 769. A trial court abuses its discretion if it acts without reference to any guiding rules or principles—in other words, in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex.1985) (*per curiam*).

It is evident the original support order was not in substantial compliance with the guidelines. Furthermore, the evidence conclusively demonstrated Courtney's needs had increased since the date the original decree of divorce was entered, and that the financial positions of both parents had altered.

The evidence showed, at a minimum, that costs for housing, utilities, education, and medical care increased. Finally, Fredda herself testified that she could afford $50.00 a week, which equates to about $216 a month.

The child support guidelines indicate that, based upon her gross monthly income, Fredda should be paying around $300 a month.

█ Although the court, in its judgment, cited Fredda's personal debt as one reason for denying Gary's request for child support, we hold that debt alone does not excuse a parent's obligation to pay child support. Many other parents have been ordered to pay child support in similar, and even more adverse, circumstances. This court has gone so far as to uphold a decision to set support based not upon actual income, but upon a parent's earning potential. *Giangrosso*, 840 S.W.2d at 770 (mother voluntarily underemployed, did not excuse support obligation; support set based upon earning potential); TEX.FAM.CODE ANN. § 15.054(1) (Vernon Supp.1994).

We hold the trial court failed to take the best interests of Courtney into account. The evidence is clear that Courtney's needs had materially and substantially increased. Therefore, the trial court did not act with reference to guiding rules and principles when it decided not to set support. We hold the judge abused his discretion. We sustain appellant's second point of error. We reverse and remand this cause to the trial court with orders that child support be set.