TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00409-CV






Viridiana Pace, Appellant



v.



Carlos von Retteg, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 91-14803, HONORABLE JOSEPH HART, JUDGE PRESIDING







 Viridiana Pace challenges the district court's final order modifying an order
affecting the parent-child relationship. She complains that the modifications were error because
the district court lacked the power to consider the modification issue and lacked the authority to
make the modifications made. We will affirm the trial court's order.


FACTUAL AND PROCEDURAL BACKGROUND


 Pace and von Retteg divorced in 1992. The district court modified the original
decree in 1995 to make Pace solely responsible for the financial support of their older child and
von Retteg solely responsible for their younger child. The court also restricted the domicile of
the younger child to within fifty miles of downtown Austin.

 In November 1996, von Retteg moved to lift the domicile restriction. An associate
judge held hearings on his first amended motion in July 1997. After the hearings, von Retteg filed
a notice of appeal and request for de novo hearing before the referring court. On December 8,
1997, von Retteg filed a second amended motion to modify, reiterating his challenge to the
domicile restriction and adding a request that Pace pay child support for their younger child. Two
days later he filed an amended notice of appeal and request for de novo hearing. An order
refusing to change the domicile of the child based on the July hearings held on the first amended
motion to modify appears to have been signed by the associate judge on December 15, then by a
district judge on December 18, 1997; there is no indication that the district court held a de novo
hearing before signing the order. The order specifically reserves for later consideration issues in
the first amended motion not presented at the July hearings.

 On February 17, 1998, the district court held a hearing on several motions,
including von Retteg's second motion to modify. On May 7, 1998, the district court signed an
order granting von Retteg's motion. The court greatly eased the child's domicile restrictions,
allowing him to move to California. The court also required Pace to pay $500 per month in child
support effective December 1, 1997, as well as other expenses and fees.

 On May 18, 1998, von Retteg filed a motion to enforce. The district court heard
the motion on May 28, 1998, with Pace absent but represented by counsel. The court confirmed
an arrearage of $500 since May 1 with prejudgment interest. The court found wage withholding
unworkable or inappropriate and ordered Pace to post a $6,000 bond. The court also awarded von
Retteg $750 in attorney's fees.

DISCUSSION


 Pace raises five issues on appeal. The issues concern mostly procedural aspects of
the case that Pace contends should have prevented the district court from exercising power and
rendering the rulings that it did.

 Pace initially contends that the issue of domicile restriction was not properly before
the court at the February 17, 1998 hearing. She contends that the December 18, 1997 order
disposed of all pending claims. The language in the orders of December 18 and May 7 belies that
contention. The December 18 order specifically limits its ruling to the issues from the first
amended motion to modify. It neither addresses the second amended motion expressly nor
contains Mother Hubbard language that could be construed to overrule the second motion
generally. In the May 7 order arising from the February hearing and expressly addressing the
second amended motion, the court makes no reference to the first amended motion, the December
order, or any de novo appeal from the associate judge's recommendations. The court had the
power at the February 17 hearing to rule on the domicile issue contained in the second amended
motion.

 Pace next contends that the October 1995 order could not be modified because it
was based on the agreement of the parties, citing Padilla v. LaFrance, 907 S.W.2d 454 (Tex.
1995). She alleges without rebuttal that, in reaching this 1995 agreement, she waived von Retteg's
past-due child support to compensate for the fact that von Retteg's financial responsibility for the
younger child would outlast Pace's responsibility for the older child. Pace, however, cites no
authority for the proposition that a court cannot modify a child-support order that incorporates an
agreement of the parties. Instead, the Family Code allows courts to modify a support order. Tex.
Fam. Code Ann. § 156.001 (West 1996). This is true even if the order does nothing more than
incorporate an agreement of the parties. See Giangrosso v. Crosley, 840 S.W.2d 765, 768 (Tex.
App.--Houston [1st Dist.] 1992, no writ). Courts can modify child support orders if the
circumstances of the child or a person affected by the order change materially and substantially
after the original decree. Tex. Fam. Code Ann. § 156.401(a) (West Supp. 1999). Orders on child
support differ from insurance claim settlements (like that in Padilla) because parent-child
relationships often evolve and persist, unlike the static relationships involved in insurance claim
settlements, which tend to be confined by the unchanging facts of the incident giving rise to the
claim. The court could consider the original agreement of the parties, but was authorized to
modify the order to account for subsequent changes in circumstances. The May 7 order recites
that circumstances have changed materially and substantially. The court therefore had the power
to modify the support set out in the October 1995 order.

 Pace next contends that the trial court erred by making her child support obligation
retroactive to the December 1997 filing of the second amended motion to modify. Support orders
may be modified only as to obligations accruing after the earlier of the date citation is served or
the party makes an appearance in the suit to modify. Tex. Fam. Code Ann. § 156.401(b) (West
1996). Pace asserts that the original motion to modify could not have triggered the accrual
because it did not request modification of the child support. She alleges that, though her counsel
received service of the second amended motion, she was not served personally with it. She did
not appear in court regarding this motion until the February 17 hearing and did not file a response
until February 24. Starting the accrual before February 1998, she contends, was therefore error. 
We disagree. Pace does not challenge the sufficiency of the service of citation on the original
motion. Normally, motions following the initial filing of a cause of action may be served by mail. 
Tex. R. Civ. P. 21a. A dilemma arises here because section 156.401(b) does not address the
special issue of whether requests to modify child support contained in amendments to motions that
originally did not contain such requests need to be served by citation. The trial court resolved this
dilemma by using the date of mailing of the amendment first requesting child support. This fair
and reasonable solution avoids imposing new service requirements on petitioners, but also avoids
imposing child support liability on respondents (or modifying the liability) until the petitioner
requests it. The trial court did not err by making the child support modification effective the date
von Retteg mailed the second amended motion to modify the custody decree.

 Pace contends the court erred by holding a hearing on von Retteg's motion to
enforce the May 7 order because Pace was neither properly served nor present. The notice
provisions of the Family Code state that notice of hearing may be sent by first-class mail to the
respondent, provided that the notifying party files a certificate of service showing the date of
mailing and the name of the person sending the notice. Tex. Fam. Code Ann. § 157.065 (West
1996). Pace contends the notice of hearing was defective because the certificate of service, which
followed the three-page motion to enforce, states that the "foregoing" was served by mailing to
counsel and to Pace; she argues the notice of hearing, on page five, did not "forego" the certificate
of service on page four and therefore was not covered by the certificate. She also argues that the
certificate was defective because it did not state the name of the person who sent it. We disagree. 
The goal of the notice requirements is to promote fairness by ensuring that opposing parties inform
each other of the time and place the court will consider the issues presented. The motion,
certification, and notice are on consecutively numbered pages; all five pages were filed under one
heading at the trial court with only the first page date-stamped, indicating they were received
together as a unit. There is no indication that Pace did not similarly receive the notice of hearing
with the motion and certificate. The goal of the certification requirement was not thwarted by the
placement of the certification on page four and the notice of hearing on page five, nor was it
thwarted by the wording of the certification paragraph. The certifying paragraph states "I hereby
certify" that service occurred and is followed immediately by a signature line with a name typed
underneath it. The certifying signature is separate from the signature line following the body of
the motion. The use of the pronoun "I" combined with the signature line immediately following
the certifying paragraph sufficiently identifies the person sending notice. (1) As for Pace's absence
from the hearing, there is no requirement that the respondent be present, only that she be notified
of the hearing and have the opportunity to be present. There is no indication that Pace was not
aware of the hearing, and she was represented by two attorneys at the hearing.

 Nor was the hearing held too soon after the motion to enforce was filed. Pace
contends that, in order to have a hearing on ten days' notice, von Retteg had to serve her
personally. See Tex. Fam. Code Ann. § 157.062(c) (West 1996) (entitled "Notice of Hearing"). 
We conclude, however, that section 157.062 must be read in concert with section 157.065, which
allows service by mail if the respondent has been ordered to provide the court with the party's
current mailing address. Tex. Fam. Code Ann. § 157.065(a) (West Supp. 1999) (entitled "Notice
of Hearing, First Class Mail"). Section 157.065 supplements section 157.062 by providing an
alternate method of service when the respondent is required to keep the trial court apprised of her
address, as Pace was by the May 8, 1998 order. Von Retteg therefore could use the mail to notify
Pace of the hearing.

 Finally, Pace contends that the trial court erred by ordering her to post a $6,000
bond to secure future payment of child support. The Family Code allows a court to require a bond
from a child-support obligor if income withholding from that person is unworkable or
inappropriate. Tex. Fam. Code Ann. § 157.109 (West 1996). Von Retteg testified at the May
28 hearing that Pace had testified at the February 17 hearing that her husband's income had
allowed her to stop working the previous July. The court concluded that withholding income from
Pace was unworkable and inappropriate. Pace contends the court erred because it had no evidence
before it regarding Pace's circumstances at the time of the May hearing. The court had before it
evidence that Pace voluntarily had not been working three months earlier because of her husband's
income, and there was no evidence at the May hearing that had changed. The minimal evidence
is less troublesome because the court was not considering the level of child support, but whether
a bond to secure payment of the already-set child support was appropriate. In the absence of any
indication from Pace or her attorneys that Pace had resumed working, the court reasonably
concluded that the February testimony was still accurate. On that basis, the court did not abuse
its discretion by concluding that income withholding from Pace was inappropriate or unworkable.


CONCLUSION


 Having resolved all issues on appeal in favor of the judgment, we affirm the order
of the trial court.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 29, 1999

Do Not Publish

1. The Code requires that the certificate of service show the name of the person who "sent" the
notice, not the person who "mailed" the notice. If Pace is arguing that the certificate must show
who put the document into the mail box, we reject that argument.


o" the certificate
of service on page four and therefore was not covered by the certificate. She also argues that the
certificate was defective because it did not state the name of the person who sent it. We disagree. 
The goal of the notice req