Reversed and Remanded and Memorandum Opinion filed March 1, 2005









Reversed and Remanded and Memorandum Opinion filed March 1, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00130-CV

____________

 

DEAN
EDWARD ELLIOTT, Appellant

 

V.

 

KATRINA
KATHLEEN ELLIOTT-WEBER, Appellee

___________________________________________________

 

On Appeal from the 300th District Court

Brazoria County, Texas

Trial Court Cause No. 14237*RH00

___________________________________________________

 

M E M O R A N D U M   O P I N I O N

Dean Edward Elliott appeals the
trial court=s modification order increasing
his monthly child support from $606.84 to $1,064.86 for his two children.  In five issues, he complains that the trial
court abused its discretion in finding a material and substantial change in
circumstances sufficient to warrant a modification and in determining his net
resources.  Because the evidence is
insufficient to support a finding of material and substantial change in
circumstances, we reverse and remand. 








I. 
Background

On February 20, 2001, Dean
Elliott and Katrina Kathleen Elliott (now Elliott-Weber) divorced.  Thirteen months later, Kathleen moved to
modify the terms of the final decree of divorce to increase the amount of child
support for their two children.[1]  In December of 2003, the trial court held a
hearing and ordered, in relevant part, an increase in Dean=s child
support obligation from $606.84 to $1,064.86 per month.  The trial court entered a written order
modifying the parent-child relationship on January 23, 2004.  This appeal followed.

II.  Analysis

In his first issue, Dean contends
the trial court erred in finding a material and substantial change in
circumstances sufficient to warrant a modification.[2]  

A.        Standard
of Review








A trial court=s child
support order will not be overturned unless a clear abuse of discretion is
shown.  Rodriguez v. Rodriguez,
860 S.W.2d 414, 415 (Tex. 1993).  A trial
court abuses its discretion when its ruling is arbitrary, unreasonable, or
without reference to any guiding rules or legal principles, or when it rules
without supporting evidence.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). 
Under this standard, the legal and factual sufficiency of the evidence
are not independent grounds of error, but are relevant factors in assessing
whether the trial court abused its discretion. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Zieba
v. Martin, 928 S.W.2d 782, 786 (Tex. App.CHouston
[14th Dist.] 1996, no writ).

B.        Modification
of Child Support Based on Material and Substantial Change

Child support provisions
incorporated into a divorce decree may be modified when the movant has
established either a material and substantial change in the circumstances of
the child or of a person affected by the decree.  Tex.
Fam. Code '
156.401(a).  To determine if a material
and substantial change in circumstances has occurred, the trial court must
compare the financial circumstances of the children and the affected parties at
the time the existing support order was entered with their circumstances at the
time the modification is sought.  London
v. London, 94 S.W.3d 139, 144 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  Thus, the
record must contain both historical and current evidence of the relevant
persons=
financial circumstances.  Without
both sets of data, the court has nothing to compare and cannot determine
whether a material and substantial change has occurred.  Id. at 144B45.  If no changes have occurred, the trial court
abuses its discretion to modify.  See
Werlein v. Werlein, 652 S.W.2d 538, 540 (Tex. App.CHouston
[1st Dist.] 1983, no writ).








The
circumstances of the children.  Regarding the children=s
financial circumstances, Katrina testified only that it has become more
expensive to raise the kids since the divorce. 
Dean generally agreed with this statement.[3]  However, this is not sufficient evidence of a
material and substantial change in the children=s
financial needs.  See Payne v. Dial,
831 S.W.2d 457, 459 (Tex. App.CHouston
[14th Dist.] 1992, no writ) (holding former husband=s slight
increase in wages and former wife=s mere
assertion that child=s expenses
had increased was not sufficient evidence to support modification).  Similarly, the mere fact that the children
are a year older cannot, by itself, substantiate a modification of their child
support.  See In re Knott, 118
S.W.3d 899, 902 (Tex. App.CTexarkana
2003, no pet.) (stating that child=s
increased age alone will not support modification of support order unless the
record contains sufficient evidence from which a comparison can be made between
the support needs at the time of the prior order and the current needs of the
children); Bergerac v. Maloney, 556 S.W.2d 586, 586B87 (Tex.
Civ. App.CDallas 1977, writ dism=d)
(same). 

Circumstances
of the affected parties.  Katrina also presented no evidence that her
own circumstances had materially and substantially changed since the rendition
of the divorce decree.  And, although
evidence of Dean=s current
income was presented, Katrina did not introduce historical data showing his
financial circumstances at the time of the original divorce decree.  Thus, the trial court had no comparative
financial data.  See Stofer v.
Linville, 662 S.W.2d 783, 785 (Tex. App.CHouston
[14th Dist.] 1983, no writ); Williams v. Williams, 596 S.W.2d 245, 247
(Tex. Civ. App.CHouston
[14th Dist.] 1980, no writ); see also Baker v. Baker, 719 S.W.2d 672,
676 (Tex. App.CFort Worth 1986, no writ)
(holding that former spouse=s
testimony of current income and bare assertion that she was making less money
than at time of earlier order was insufficient to demonstrate material and
substantial change).  Without this, the
trial court could not determine that a material and substantial change has
occurred.  See London, 94 S.W.3d
at 144B45; Cole
v. Cole, 882 S.W.2d 90, 92 (Tex. App.CHouston
[14th Dist.] 1994, writ denied).   








Evidence
of child support guidelines.  In response to Dean=s issue,
Katrina cites section 156.402(a) of the Family Code, which provides the trial
court may consider the child support guidelines to determine whether there has
been a material and substantial change in circumstances.  See Tex.
Fam. Code '
156.402(a); see also '
154.122(a) (providing amount of child support established by child support
guidelines is presumed reasonable and an order of support conforming to
guidelines is presumed to be in the best interest of the child).  Katrina contends the original child support
amount did not comply with the guidelines, and that was evidence the trial
court could have considered as proof of a change in circumstance.  To support this contention, she relies on her
testimony that (1) she was not represented by a lawyer at the time of divorce,
(2) she was initially told Dean=s income
level supported child support payments of $1,000 per month, (3) when she
arrived at his lawyer=s office,
she was told that his child support obligation would be $606.84, and (4) she
did not know how to calculate the appropriate child support at the time.

We do not agree that this
evidence shows a change in circumstances. 
Because we do not have evidence of Dean=s income
at the time of the divorce, we cannot determine whether the original amount of
support in fact deviated from the guidelines. 
Even if we were to assume Katrina=s
testimony demonstrates that the original child support amount did not comply
with the guidelines, a child support order that does not comply with the
guidelines does not by itself establish a material and substantial change in
circumstances.  Farish v. Farish,
921 S.W.2d 538, 544 (Tex. App.CBeaumont
1996, no writ); Cole, 882 S.W.2d at 92. 
As the movant, it was Katrina=s burden
to show a material and substantial change in circumstancesCnot just
that the original amount of support was not within the guidelines.  The mere fact that the trial court could
consider the guidelines does not change her burden of proof or create elements
that establish the need for modification. 
See Cole, 882 S.W.2d at 92. 


Based on the foregoing, we hold
that Katrina failed to present sufficient evidence to support the trial court=s finding
of a material and substantial change in circumstances sufficient to support
modifying the original amount of child support. 
We therefore sustain Dean=s first
issue.








III.  Conclusion

We reverse the trial court=s
judgment and, as appellant requested, we remand for a new trial. 

 

/s/        Wanda McKee Fowler

Justice

 

Judgment rendered and Memorandum Opinion filed March 1, 2005.

Panel consists of Chief Justice Hedges and Justices Fowler and Seymore.

 

 











[1]  Katrina also
requested a change in access to and possession of the children, and that she be
awarded the income tax exemptions for the children.  However, neither of these requests is a
subject of this appeal.





[2]  In his second issue, Dean contends
the trial court erred in using his bank statements rather than his income tax
return to determine his net resources. 
In his remaining three issues, he contends the trial court erred in
determining his net resources from withdrawals from a joint bank account, which
he shares with his current wife, without considering his business expenses,
without taking into account returns of capital deposited in the joint account,
and without deducting monies his current wife obtained from her parents to help
her establish her own business.  Because
we sustain Dean=s first issue and reverse and
render, we do not reach his other issues.





[3]  Dean testified
as follows:

 

Q.         Would the expenses relative to the kids have gone up since
the divorce?

A.         Just buying more clothes more often.

Q.         They get more expensive to raise as they get older; don=t they?

A.         On certain
aspects, yes.