**Betty Suzanne ONDRUSEK, Appellant,**

v.

**James Robert ONDRUSEK, Appellee.**

**No. 1086.**

Court of Civil Appeals of Texas, Tyler.

Jan. 12, 1978.

Paul E. Lokey, Paul E. Lokey & Co., Dallas, for appellant.

Stephen L. Holley, Holley & Holley, Dallas, for appellee.

MOORE, Justice.

This is an appeal from an order increasing child support payments previously ordered in a divorce action.

Appellant, Betty Suzanne Ondrusek, and James Robert Ondrusek, appellee, were divorced on September 27, 1976. The husband, James Robert Ondrusek, was awarded the custody of the parties' three minor children. Mrs. Ondrusek, who was unemployed at the time of the divorce, was ordered to pay child support commensurate with her ability to do so, but was not ordered to pay any specific amount at that time. On November 5, 1976, appellee filed a motion for contempt for failure to pay child support and a motion seeking an order requiring Mrs. Ondrusek to make child support payments in specific amounts in the future. He alleged that immediately after the trial of the divorce case on August 31, 1976, she obtained employment and ever since has been gainfully employed with a net monthly income of $362.68. Appellee alleged that the children were in need of support, and that the wife had made no child support payments whatever after the entry of the divorce decree. After a hearing on January 11, 1977, the trial court denied the motion for contempt but entered an order directing appellant to pay child support for the three minor children in the total amount of $20.00 per week, commencing on January 14, 1977. From this order she perfected this appeal.

We affirm.

Appellant brings three points of error contending that the trial court erred in finding that she had the ability to pay child support payments in the amount of $20.00 per week. The sole question presented is whether the trial court's ruling amounted to an abuse of discretion.

Pursuant to appellant's request, the trial court filed findings of fact and conclusions of law. The court found, among other things, that (1) appellant's circumstances had materially changed since the date of the divorce decree; (2) appellant was presently employed and was earning a regular salary; (3) she had the ability to pay child support in the amount of $20.00 per week and (4) the appellee was in need of such support in order to support adequately the children. Appellant does not challenge any of the foregoing findings save and except the finding that she had the ability to pay child support in the amount of $20.00 per week.

■ Our statutes provide that each spouse has the duty to support his or her minor children. Tex.Family Code Ann. sec. 4.02. In order to enforce the duty of support the court may order either or both parents to make periodic payments for the support of a child until he is eighteen (18) years of age. Tex.Family Code Ann. sec. 14.05(a). Each case involving the question of the propriety of an order requiring a parent to make child support payments must stand on its own facts, and trial courts, by necessity, have wide discretion in regard thereto. Such discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Dennis v. Dennis*, 512 S.W.2d 699 (Tex.Civ.App.–Tyler 1974, no writ); *Cunningham v. Cunningham*, 515 S.W.2d 345 (Tex.Civ.App.–Corpus Christi 1974, no writ); *Hearn v. Hearn*, 449 S.W.2d 141 (Tex.Civ.App.–Tyler 1969, no writ).

The record discloses that at the time of the hearing on the motion for contempt Mrs. Ondrusek was gainfully employed with a gross monthly salary of $450.00 and a net take-home pay of $362.68 per month. Appellant testified that she was unable to contribute to the support of her children because her living expenses exceeded her salary. At the time of the hearing she was unmarried and lived alone in an apartment. According to her testimony, her total monthly expenses amounted to $458.48 and her living expenses thereby exceeded her net pay by $95.80 per month. Among her various monthly expenses she testified that (1) her monthly rent on her apartment amounted to $160.00, (2) her monthly gasoline bill was $40.00 and (3) the payment on her automobile amounted to $106.00 per month.

 If all of the expenditures detailed by her were necessary, she would, of course, not have the ability to pay the child support payments out of her monthly earnings. While appellant would be entitled to retain enough of her earnings to pay her necessary living expenses, she was also under a duty to abide by the order of support. If necessary to the discharge of the latter obligation, it was incumbent upon her to reduce her individual living expenses to an absolute minimum. *Ex parte Kollenborn*, 154 Tex. 223, 276 S.W.2d 251 (1955). That she has reduced her living expenses to an absolute minimum is not conclusively established by her testimony. Nowhere in her testimony does she attempt to explain why it was necessary for her to live alone in a $160.00-a-month apartment, nor does she attempt to explain why it was necessary for her to maintain an automobile requiring an expenditure of $106.00 per month for payments thereon and $40.00 per month for gasoline. Consequently, the trial court was at liberty to conclude that the foregoing monthly expenditures were not absolutely necessary. Without any testimony to the contrary the court was at liberty to conclude that by having shared her apartment rent with another person she could have saved enough to make the support payments, or that, by having sold her automobile and having adopted a less expensive vehicle or some other mode of transportation, she could have reduced her monthly expenses by enough to make the payments. Under the record before us, we cannot say that appellant's own evidence conclusively established that she was unable to make the $20.00 per week support payments out of her salary.

The court's order, however, need not rest alone on the finding that the appellant had the ability to pay the support payments out of her earnings. Nowhere in appellant's testimony did she testify that she had no funds, other than her earnings, with which to pay the support payments. Under the terms of the divorce decree, which was entered approximately three and one-half months prior to the date of the contempt hearing, appellant was awarded one-half of the parties' bank account in the amount of $3,300.00 and one-half of an income tax refund check in the amount of $1,032.00. In addition to this amount she was awarded a $16,000.00 personal judgment against her husband, secured by an equitable lien upon all the real and personal property awarded him in the divorce decree. Other property awarded to the husband on which she had an equitable lien consisted of (1) a house and lot, (2) a 1970 Ford, (3) a 1974 Plymouth and (4) a 1939 Ford. Although the evidence shows that the husband had not paid the $16,000.00 judgment, appellant offered no testimony showing that she had been unable to enforce her lien against the husband's property, nor did she testify that she had no funds in her own bank account with which to meet the support payments. Her sole contention, both in the trial court and in this court, is that she was unable to pay the support payments out of her earnings.

 In determining the duty of a parent to support a child after a divorce, it is to be borne in mind that such duty corresponds to his or her overall financial ability. *Gully v. Gully*, 111 Tex. 233, 231 S.W. 97 (1921); *Butler v. Butler*, 265 S.W. 415 (Tex.Civ. App.–Beaumont 1924, writ dism'd). Thus,

the duty to pay support is not limited to a parent's ability to pay only from current earnings, but extends to his or her financial ability to pay from any and all sources that might be available.

■ Viewing the evidence in a light most favorable to the trial court's findings, as we are required to do, we have concluded that there is evidence of probative force to support the finding that appellant had the financial ability to pay the amount ordered by the court. Accordingly, we hold that no abuse of discretion was shown.

Affirmed.