**Judith Ann Trice PHARO, Appellant,**

v.

**John Rowland TRICE, Appellee.**

**No. 05–85–00748–CV.**

Court of Appeals of Texas,
Dallas.

March 31, 1986.

Rehearing Denied May 15, 1986.

---

P. Oswin Chrisman, D. Bradley Dickinson, Vial, Hamilton, Koch & Knox, Dallas, for appellant.

James F. Newth, Dallas, for appellee.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

AKIN, Justice.

Appellant, Judith Ann Trice Pharo, and appellee, John Rowland Trice, were divorced on March 24, 1981. The divorce decree named Pharo and Trice joint managing conservators of their minor son. In 1983, Pharo and Trice each filed motions to modify the joint custody order. After a jury trial, their son was placed in the custody of his father, Trice.

The parties agreed that the issues of visitation, child support, and attorney's fees would be tried to the court at a later hearing. After that hearing, the trial judge entered an order requiring that Pharo pay $500 per month child support, that Pharo pay attorney's fees of $10,000 to Trice's attorney, and that Trice pay attorney's fees of $6,665 to the guardian ad litem who represented the child's interests.

Contending that the trial court abused its discretion, Pharo appeals from the order directing her to pay $500 per month child support and to pay $10,000 in attorney's fees to Trice's attorney. By cross-point, Trice contends that the trial court erred in ordering Pharo to pay only $10,000 of his attorney's fees, rather than the total amount thereof, and in ordering Trice to pay $6,665 in attorney's fees to the guardian ad litem. Finding no error or abuse of discretion, we affirm the judgment of the trial court.

■ Pharo first contends that the trial court abused its discretion in ordering her to pay $500 per month in child support. She argues that this was an abuse of discretion because her monthly income is allegedly somewhere between $150 and $200. We cannot agree.

Each parent has a duty to support his or her minor child. TEX.FAM.CODE ANN. § 4.02 (Vernon Supp.1986). In order to enforce this duty of support, the court may order either or both parents to make periodic payments for the support of the child until the child reaches eighteen years of age. TEX.FAM.CODE ANN. § 14.05 (Vernon Supp.1986). The trial court has wide discretion in making such an order, and its order will not be disturbed on appeal unless the court has clearly abused its discretion. *Ondrusek v. Ondrusek,* 561 S.W.2d 236, 237 (Tex.Civ.App.—Tyler 1978, no writ); *Beaird v. Beaird,* 380 S.W.2d 730, 732 (Tex.Civ.App.—Dallas 1964, no writ).

■ The duty to support is not limited to a parent's ability to pay from current earnings, but extends to his or her financial ability to pay from any and all sources that might be available. *Musick v. Musick,* 590 S.W.2d 582, 586 (Tex.Civ.App.—Tyler 1979, no writ); *Hazelwood v. Jinkins,* 580 S.W.2d 33, 37 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Ondrusek,* 561 S.W.2d at 238–39. Thus, the court may take a parent's earning potential into account when determining the amount of child support the parent must pay. *Wetzel v. Wetzel,* 514 S.W.2d 283, 285 (Tex.Civ. App.—San Antonio 1974, no writ). A parent who is qualified to obtain gainful employment can not evade his or her support obligation by voluntarily remaining unemployed. *See Eggemeyer v. Eggemeyer,* 535 S.W.2d 425, 427–28 (Tex.Civ.App.—Austin 1976), *aff'd on other grounds* 554 S.W.2d 137 (Tex.1977).

In the case at bar, the record reflects that Pharo receives income of between $150 and $200 per month from an oil and gas investment. She is not currently employed, but has been on leave from Braniff Airlines since 1981. Pharo had worked for Braniff for a number of years. The only year for which Pharo could recall her earnings was 1977 or 1978, during which she earned approximately $1,000 per month.

Pharo described her present medical condition as "fine". She currently spends her time researching genealogy, working with the library, working with the Dallas County Medical Auxiliary, playing tennis, being involved with the Park Cities Tennis Association, and helping a friend put together a cookbook. Although she and her present husband have an infant daughter, Pharo is able to devote her time to these activities because she employs a full-time baby sitter at a rate of $800 per month. The baby sitter's wages, as well as all medical expenses of Pharo and her daughter, are paid for by a trust established by Pharo's deceased father. Pharo owns a Cadillac automobile and has access to her husband's Cadillac and Mercedes automobiles. Her husband pays for the house in which she lives and pays all utility bills.

It is obvious that the record contains evidence, including that recited above, from which the trial court could have concluded that Pharo has sufficient earning potential to enable her to pay child support of $500 per month. Accordingly, we hold that the trial court did not abuse its discretion in ordering that Pharo pay $500 per month in support of her minor son.

■ Next, Pharo contends that the trial court abused its discretion in ordering her to pay attorney's fees of $10,000 to Trice's attorney. We do not agree. The award of attorney's fees, and the amount thereof, are matters left to the sound discretion of the trial judge. TEX.FAM.CODE ANN. § 11.18(a) (Vernon Supp.1986); *Laviage v. Laviage,* 647 S.W.2d 758, 761 (Tex.App.— Tyler 1983, no writ). The record shows that Trice's total attorney's fees were $34,300 and that the jury determined that Trice should have custody of the minor son. Furthermore, the record contains evidence that Trice's financial position is highly-leveraged and somewhat precarious. Under these facts, we conclude that the trial court did not abuse its discretion in ordering Pharo to pay $10,000 in attorney's fees to Trice's attorney.

■ By cross-point, Trice contends that the trial court erred in ordering Pharo to pay only $10,000 of Trice's attorney's fees, rather than the full amount thereof. Trice

also contends that the trial court erred in ordering Trice to pay fees to the guardian ad litem. We disagree with Trice's contentions.

As we have stated, the award of attorney's fees, as well as the amount thereof, are matters within the sound discretion of the trial judge. TEX.FAM.CODE § 11.-18(a); *Laviage,* 647 S.W.2d at 761. In a domestic relations action, the court may properly consider the relative conditions and needs of the parties. *Casterline v. Burden,* 560 S.W.2d 499, 503 (Tex.Civ.App. —Dallas 1977, no writ). In this case, there was evidence that Trice was in a relatively better financial condition than was Pharo. We hold, therefore, that the trial court did not abuse its discretion in ordering Pharo to pay only $10,000 of Trice's total attorney's fees and in ordering Trice to pay $6,665 in attorney's fees to the guardian ad litem.

The judgment of the trial court is affirmed.