NUMBER 13-09-00703-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


IN THE MATTER OF THE MARRIAGE OF AMY LASSMANN

AND CHARLES A. LASSMANN, JR. AND 

IN THE INTEREST OF C. J. L., A CHILD 

 


On appeal from the 24th District Court 

of Victoria County, Texas.

 


DISSENTING MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Dissenting Memorandum Opinion by Justice Yañez

 I agree with the majority's finding that the trial court erred in (1) holding that Charles
was voluntarily unemployed and (2) considering such voluntary unemployment as a factor
in the determination of child support. (1) However, I disagree with the majority's conclusion
that the trial court was free to consider other factors--including Charles's earning
potential--and therefore, did not abuse its discretion in calculating Charles's child support
obligation. Accordingly, I respectfully dissent.

I. Majority's Decision 


 In support of its argument that the trial court had discretion to base Charles's child
support obligation on his earning potential, the majority cites Pharo v. Trice (2) and Wetzel
v. Wetzel. (3) I find both cases distinguishable. 

 As the majority notes, the Pharo court observed that a court "may take a parent's
earning potential into account when determining the amount of child support the parent
must pay"; however, it also noted that a parent cannot avoid a child support obligation by
voluntarily remaining unemployed. (4) The court found that Pharo, the child support oligor, 
had sufficient earning potential to pay her $500 monthly child support obligation because,
although she was unemployed and received monthly income of only $150 to $200 from an
oil investment, she also received funds from a trust sufficient to pay a full-time babysitter
$800 per month and all of her own and her daughter's medical expenses. (5) Thus, the
court's holding that the trial court did not abuse its discretion in awarding the $500 child
support obligation was not based on Pharo's "earning potential," but on income she was
actually receiving from a trust. (6) 

 Similarly, the Wetzel court asserted that although the trial court could have--and
may have--considered the appellant's earning potential, the trial court did not abuse its
discretion in ordering appellant to pay $150 per month in child support because there was
evidence that appellant received over $500 per month from his oil and rental property. (7) 
Thus, as in Pharo, the appellate court's holding was not based on appellant's "earning
potential," but on income he was actually receiving. (8) 

II. Discussion 


 Section 154.062 of the family code provides that a court "shall calculate net
resources for the purpose of determining child support liability as provided by this section." (9) 
"Resources" are defined to include, among other things, "100 percent of all wage and
salary income and other compensation for personal services" and "all other income actually
being received." (10) In the present case, although we may not presume that an incarcerated
person has no assets on which to base a child support award, (11) it is uncontroverted that
Charles is not receiving income and has no other assets on which to base a child support
award. 

 Section 154.066 of the family code allows the trial court to apply the support
guidelines to the earning potential of an obligor, rather than actual income, if the obligor
is intentionally unemployed or underemployed. (12) The trial court held that Charles was
voluntarily unemployed and based the child support order on the $26 hourly wage which
reflects Charles's earning potential. However, the majority concluded--and I agree--that
because Charles was not intentionally unemployed, the trial court erred in relying on
section 154.066. Even though the majority concedes that the trial court could not have
properly based the child support obligation on Charles's earning potential as an
intentionally unemployed person, it nonetheless finds that the trial court properly based the
award on Charles's earning potential, instead of income he was actually receiving. I would
find, however, that the only evidence before the court of Charles's wage and salary income
was his earning potential (prior wage), which the trial court could not have properly
considered because he was not intentionally unemployed. In such circumstances, "in the
absence of evidence of the wage and salary income of a party," the trial court "shall" apply
the presumption that Charles had wages or salary equal to the federal minimum wage. (13)

 In Smith v. Smith, this Court held in a memorandum opinion that the trial court did
not abuse its discretion in awarding child support based on the federal minimum wage,
where the obligor was in prison and there was no evidence of his earned income. (14) 
Similarly, the El Paso court held that the trial court did not abuse its discretion in basing a
child support award on the minimum wage presumption, where the obligor was in prison
and there was no evidence regarding his resources. (15) The Waco court has also found that
where there was no evidence to establish the obligor parent's net resources while
incarcerated, the trial court did not abuse its discretion in basing its child support award on
the minimum wage presumption. (16)

 The majority asserts that I "overlook" the provision that grants a trial court "broad
discretion" in determining child support awards. (17) I respectfully disagree. The trial court's
"broad discretion" is fettered by the provisions in the family code. The majority asserts that
even though Charles was not voluntarily unemployed or underemployed, his "earning
potential" may nevertheless be taken into account in determining his child support
obligation. In support of this proposition, the majority cites only Pharo and Wetzel. (18) As
noted above, in both cases, the court relied on income actually being received by the
obligor, not "earning potential." 

 Although the majority asserts that it "find[s] no authority to support the contention
that earning potential should only be considered in cases of voluntary unemployment," it
cites no authority for the proposition that earning potential may be considered in
circumstances where the obligor is neither voluntarily unemployed nor voluntarily
underemployed and there is no evidence of income actually being received by the obligor. 
In such circumstances, I submit, the federal minimum wage presumption is applicable. (19) 




III. Conclusion 

 I would hold that in the present case, there was no evidence of Charles's wage and
salary income, and that the trial court should therefore have applied the federal minimum
wage presumption in calculating the child support award. (20) Accordingly, I would: (1) hold
that the trial court abused its discretion; (2) reverse the trial court's award of child support;
and (3) remand for further proceedings. 


 LINDA REYNA YAÑEZ

 JUSTICE 


Delivered and filed the

25th day of August, 2010.
1. See Tex. Fam. Code Ann. § 154.066 (Vernon 2008). 
2. 711 S.W.2d 282, 284 (Tex. App.-Dallas 1986, no writ).
3. 514 S.W.2d 283, 285 (Tex. Civ. App.-San Antonio 1974, no writ).
4. Pharo, 711 S.W.2d at 284. 
5. Id. 
6. Id. 
7. Wetzel, 514 S.W.2d at 285. 
8. See id. 
9. See Tex. Fam. Code Ann. § 154.062(a) (Vernon Supp. 2009). 
10. Id. § 154.062(b)(1), (5) (emphasis added).
11. See In re B.R.G., 48 S.W.3d 812, 819 (Tex. App.-El Paso 2001, no pet.). 
12. See Tex. Fam. Code Ann. § 154.066 (Vernon 2008) (emphasis added); see also In re Z.P.B., 109
S.W.3d 772, 783 (Tex. App.-Fort Worth 2003, no pet.) ("Thus, a court may take a parent's earning potential
into account when determining the amount of child support the parent must pay. A parent who is qualified to
obtain gainful employment cannot evade his or her support obligation by voluntarily remaining unemployed.")
(internal citations omitted); Giangrosso v. Crosley, 840 S.W.2d 765, 770 (Tex. App.-Houston [1st Dist.] 1992,
no writ) ("Thus, a court may take a parent's earning potential into account when determining the amount of
child support the parent must pay. A parent who is qualified to obtain gainful employment cannot evade his
or her support obligation by voluntarily remaining unemployed.") (internal citations omitted); Powell v. Powell,
721 S.W.2d 394, 396 (Tex. App.-Corpus Christi 1986, no writ) ("The court may, therefore, take a parent's
earning potential into account when determining the amount of child support the parent must pay. A parent
who is qualified to obtain gainful employment cannot evade his or her support obligations by voluntarily
remaining unemployed.") (internal citations omitted). 
13. See Tex. Fam. Code Ann. § 154.068 (Vernon 2008) ("In the absence of evidence of the wage and
salary income of a party, the court shall presume that the party has wages or salary equal to the federal
minimum wage for a 40-hour week."). 
14. Smith v. Smith, No. 13-03-508-CV, 2005 Tex. App. LEXIS 4080, at **14-15 (Tex. App.-Corpus
Christi May 26, 2005, no pet.) (mem. op.). 
15. See In re B.R.G., 48 S.W.3d at 819.
16. See Reyes v. Reyes, 946 S.W.2d 627, 630 (Tex. App.-Waco 1997, no writ); see also In re N.H.P.
v. Prudhomme, No. 05-04-009-CV, 2004 Tex. App. LEXIS 10976, at *5 (Tex. App.-Dallas Dec. 7, 2004, no
pet.) (mem. op.) (holding that where only evidence was that obligor was unemployed, trial court properly
applied minimum wage presumption); In re Moss, 887 S.W.2d 186, 188 (Tex. App.-Texarkana 1994, writ
ref'd) (holding where no evidence of obligor's income, trial court should apply minimum wage presumption). 
17. See Tex. Fam. Code Ann. § 154.123 (Vernon 2008).
18. See Pharo, 711 S.W.2d at 284; Wetzel, 514 S.W.2d at 285. 
19. See Tex. Fam. Code Ann. § 154.068.
20. See id.