ACCEPTED
01-14-00629-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/15/2015 5:08:25 PM
CHRISTOPHER PRINE
CLERK

## NO: 01-14-00629-CV

## IN THE
## FIRST COURT OF APPEALS OF TEXAS
## AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/15/2015 5:08:25 PM
CHRISTOPHER A. PRINE
Clerk

### Elizabeth M. Trammell,
*Appellant*

*v.*

### Fletcher V. Trammell, Sr.
*Appellee*

### from the 308th Judicial District Court
### of Harris County, Texas, The Honorable James Lombardino Presiding
### Trial Court Case No. 2010-72050

### REPLY BRIEF OF THE APPELLANT

Maurice Bresenhan, Jr.
Texas Bar No. 02959000
Cynthia Keen Perlman
Texas Bar No. 11161700
Zukowski, Bresenhan, Sinex & Petry, L.L.P.
1177 West Loop South, Suite 1100
Houston, Texas 77027
Telephone:   (713) 965-9969
Telecopier:   (713) 963-9169
Attorneys for Appellant

# TABLE OF CONTENTS

Table of Contents………………………………………………….. i

Table of Authorities……………………………………………… ii

Reply Points          …………………………………………….... iii

Abbreviations     …………………………………………….. iv

Summary of the Argument…………………………………………. 1

Argument……………………………………………………………….2

Prayer……………………………………………………………….13

Certificate of Service ……………………………………………… 14

Appendix …………………………………………………………….15

# TABLE OF AUTHORITIES

Cases:                                                                     Page:

*City of Pasadena v. Gennedy,* 125 S.W. 3d 687, 691 (Tex. App – Hous.
[1st Dist.] 2003, pet. denied).................................................  4-5

*City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex. 2003)...  7

*Dunaway v. Dunaway,* 2007 Tex. App. LEXIS 8950 *25(Tex. App – Hous.
[14th Dist.] 2007, no pet.)...................................................  4

*In re Forlenza,* 140 S.W.3d 373, 376 (Tex. 2004)...........................  7

*Howeth Invs., Inc.v. City of Hedwig Vill.,* 259 S.W. 3d 877, 888
(Tex. App – Houston [1st Dist.] 2008, pet. denied)..........................  4

*In re GE Co.,* 271 S.W.3d 681 (Tex. 2008)..................................  6

*In re Marriage of Lassmann,* 2010 Tex. App. LEXIS 6982 *10
(Tex. App – Corpus Christi 2010, no pet.)...................................  10

*In the Interest of C.C. J.,* 244 S.W. 3d 911, 924 (Tex. App – Dallas
2008, no pet.)..............................................................  13

*Klumb v. Houston Mun. Emples. Pension Sys.,* 2015 Tex. LEXIS 266
(Tex. 2015)................................................................  7

*Moreno v. Perez,* 363 S.W. 3d 725, 738 (Tex. App – Hous.
[1st Dist.] 2011, no pet.).................................................  13

*Pharo v. Trice,* 711 S.W.2d 282, 284 (Tex. App.—Dallas 1986, no pet.)...  10

*Rangel v. Rangel,* 2014 Tex. App. LEXIS 9402 *6 (Tex. App – Austin 2014,
no pet.)...................................................................  4

*Rumscheidt v. Rumscheidt,* 362 S.W. 3d 661, 666 (Tex. App – Hous.
[14th Dist.] 2011, no pet.) ...............................................  8

*Sterner v. Marathon Oil Co.,* 767 S.W. 2d 686, 690 (Tex. 1989)...........  5

Statutes and Rules:

Texas Family Code §14.06(a)(repealed)............................................. 7

Texas Family Code, chapter 154 ................................................. 6

Texas Family Code, §156.101(a)(1) ............................................. 9, 13

Texas Family Code §154.124 ................................................... 7

Texas Family Code §156.401 ................................................. 6, 9

Texas Family Code §156.402 ................................................. 6, 7, 9

Tex. R. App. P. Rule 38.9....................................................... 4

## REPLY POINTS

1. Elizabeth clearly challenges the pertinent findings of fact and conclusions of law issued by the District Court in her briefing.

2. Fletcher cannot support the District Court's erroneous grant of relief modifying downward the amount of Fletcher's child support obligations as he failed to produce any evidence or sufficient evidence that the change is in the children's best interest and that there was a material and substantial change in the children's or his circumstances.

3. Fletcher cannot support the District Court's erroneous grant of relief that gives Fletcher the right, subject to the agreement of the other parent conservator, to make decisions concerning the children's education as he failed to produce any evidence or sufficient evidence that the change is in the children's best interest and that there was a material and substantial change in the children's or his circumstances.

4. Fletcher cannot support the District Court's erroneous grant of relief that gives Fletcher the right, subject to the agreement of the other parent conservator, to consent to medical, dental and surgical treatment involving invasive procedures concerning the children as he failed to produce any evidence or sufficient evidence that the change is in the children's best interest and that there was a material and substantial change in the children's or his circumstances.

5. Fletcher cannot support the District Court's erroneous grant of relief that gives Fletcher the right, subject to the agreement of the other parent conservator, to consent to psychiatric and psychological treatment of the children as he failed to produce any evidence or sufficient evidence that the change is in the children's best interest and that there was a material and substantial change in the children's or his circumstances.

## <u>ABBREVIATIONS</u>

**CR- xx**    --    Clerk's Official Record --page numbers

**RR-xx**    --    Reporter's Record -- page numbers

**FF**    --    Findings of Fact

**CL**    --    Conclusions of Law

For the convenience of the Court, Appellant, ELIZABETH M. TRAMMELL, will be referred to as "Elizabeth," Appellee, FLETCHER V. TRAMMELL, SR., will be referred to as "Fletcher," and the children will be referred to collectively as "the children".

NO: 01-14-00629-CV

IN THE
FIRST COURT OF APPEALS OF TEXAS
AT HOUSTON, TEXAS


Elizabeth M. Trammell,
*Appellant*
*v.*
Fletcher V. Trammell, Sr.
*Appellee*


REPLY BRIEF OF THE APPELLANT


On Appeal from the 308th Judicial District Court
of Harris County, Texas

TO THE HONORABLE JUDGES OF THE FIRST COURT OF APPEALS:

Appellant Elizabeth M. Trammell ("Elizabeth") replies to the Original Brief

filed by Appellee Fletcher V. Trammell, Sr. ("Fletcher") as follows:

SUMMARY OF THE ARGUMENT

This case involves an Order in Suit to Modify Parent-Child Relationship,

entered on June 30, 2014, which drastically changed the parties' agreements that

they made in their Agreed Final Divorce Decree, signed May 23, 2011, and the Trial

Court's Decree that approved those agreements and made them the judgment of the

court. Elizabeth appeals the Trial Court's final judgment which drastically modified

downward by 55% the amount of child support she receives from Fletcher (her former husband) and altered Elizabeth's independent right to make educational decisions, health care decisions and mental health care decisions for the children made the subject of the suit, all of which modifications are clearly not in the best interest of the children, and there is insufficient evidence that there was a material and substantial change in the children's or any conservator's circumstances as required by the Family Code.

## ARGUMENT

### The Pertinent Findings of Fact and Conclusions of Law Have Been Clearly Challenged By Elizabeth in her Briefing

Fletcher's brief incorrectly asserts that Elizabeth has not challenged the trial court's findings of fact that the drastic reduction in child support is in the children's best interest and that there was a material and substantial change in either their or Fletcher's circumstances since the divorce.

Fletcher's brief also incorrectly asserts that Elizabeth has failed to challenge the trial court's findings of fact that the modifications of Elizabeth's exclusive right to make decisions concerning the children's education is in the children's best interest and that there was a material and substantial change in either their or Fletcher's circumstances since the divorce.

2

Likewise, Fletcher's brief incorrectly asserts that Elizabeth has not challenged the trial court's findings of fact that the modifications of Elizabeth's independent right to make decisions concerning medical, dental and surgical treatment involving invasive procedures concerning the children is in the children's best interest and that there was a material and substantial change in their or Fletcher's circumstances since the divorce. Finally, Fletcher's brief incorrectly asserts that Elizabeth has failed to challenge the trial court's findings of fact that the modifications of Elizabeth's independent right to consent to psychiatric and psychological treatment of the children is in the children's best interest and that there was a material and substantial change in either their or Fletcher's circumstances since the divorce.

Quite to the contrary, Elizabeth raised her objections to the trial court's extensive findings of fact and conclusions of law numerous times throughout her entire Original Brief, and clearly asserted that Fletcher's evidence is legally and factually insufficient to demonstrate that the changes granted were in the children's best interest and that there was a material and substantial change in circumstances. Moreover, if she had no objections to the trial court's findings, she would not have moved this Court to require that new, final findings and conclusions of law be issued since the ones the trial court issued, dated October 3, 2014, are called "Proposed Findings of Fact and Conclusions of Law." (To this date, Appellant is unsure

3

whether such Findings and Conclusions are final since they are merely "proposed.")

In a case like the instant one where the appellee argues that the findings are binding on the appellate court since the appellant did not explain which specific fact findings or legal conclusions the appellant was challenging, the Court held that

> "a challenge to an unidentified finding of fact may be sufficient for review if it is included in the argument of the issue or point, of if after giving consideration to the nature of the case, the underlying applicable legal theories, and the findings of fact provided, the specific findings of fact which the appellant challenges can be fairly determined from the argument….Accordingly, the finding is not binding on this court."

*Dunaway v. Dunaway,* 2007 Tex. App. LEXIS 8950 *25; 2007 WL 3342020(Tex. App – Houston [14th Dist.] 2007, no pet.).

In another similar case, *Rangel v. Rangel,* 2014 Tex. App. LEXIS 9402 *6; 2014 WL 4364752(Tex. App – Austin 2014, no pet.), the Court concluded the appellants did not waive their issues based on inadequate briefing even though the appellants do not directly set forth particular fact findings or legal conclusions that they are challenging since, pursuant to Tex. R. App. P. 38.9, the Court is required to construe the appellants' brief liberally. *See also, Howeth Invs., Inc.v. City of Hedwig Vill.,* 259 S.W. 3d 877, 888 (Tex. App – Houston [1st Dist.] 2008, pet. denied) ("we have… reviewed the substance of all of their appellate arguments to determine, as best we can, which fact findings and legal conclusions the [appellants] have implicitly challenged for each appellate argument."); *City of*

4

*Pasadena v. Gennedy,* 125 S.W. 3d 687, 691 (Tex. App – Houston [1ˢᵗ Dist.] 2003, pet. denied) ("We construe the enforcing parties' challenges to be to the pertinent fact findings and legal conclusions supporting these aspects of the judgment."); *Sterner v. Marathon Oil Co.,* 767 S.W. 2d 686, 690 (Tex. 1989) ("..it is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants.")

In the event that this Court prefers to have challenges to the specific fact findings and legal conclusions, Elizabeth objects to the following: FF 19-21, 32, 40, 42-43, 56 (finding that the circumstances have materially and substantially changed), FF 19, 36, 45, 47, 50-52, 57-60, 63-64 (regarding the best interest of the children), and CL 3-5.

The common theme of all the above mentioned fact findings and legal conclusions is that it is all about Fletcher; in other words, the only thing that matters is what is in the best interest of Fletcher, not of the children. (Note the Trial Court's proposed findings and conclusions are attached to Appellant's Original Brief at Tab 2.)

For the above reasons, this Court must find that Elizabeth has challenged the trial court's findings of fact and legal conclusions that the drastic reduction in child support, the modifications of Elizabeth's exclusive right to make educational

5

decisions concerning the children, and the modifications of Elizabeth's independent right to make health care decisions and mental health care decisions for the children, are in the children's best interest and that there was a material and substantial change in either their or Fletcher's circumstances since the divorce.

**Fletcher Has Failed to Produce Sufficient Evidence That the Drastic Reduction in Child Support is in the Children's Best Interest**

Fletcher's brief, at page 13, incorrectly asserts that the Family Code does not require that the modification of child support be in the children's best interest. In support of his argument, he cites Tex. Fam. Code §156.401. However, he is wrong. In fact, Tex. Fam. Code §156.402 specifically requires that a court may modify an existing child support order to substantially conform with the guidelines under Chapter 154 (as the District Court did in FF45), but only if it is in the "best interest of the child" and there has been a material and substantial change of circumstances. Tex. Fam. Code §156.402. The applicable statute does not say "the best interest of another person" or words of like import. The best indicator of the intent of the Legislature are the words used in the statute. The Trial Court was obligated to begin with the statutory language to be applied. In discharging that duty, there was no discretion. *In re GE Co.,* 271 S.W.3d 681 (Tex. 2008.)

The applicable test to modify support downward requires there be a "material change" which could include Fletcher, but the second step "best interest" is limited

6

to the children.

There is no ambiguity in the language, and the burden is a conjunctive one. There is no difficulty in determining the Legislature's intent which is determined from the plain meaning of the statute. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). The Trial Court strayed from the Legislature's directive, and this Court must review that action *de novo*. *In re Forlenza*, 140 S.W.3d 373, 376, 47 Tex. Sup. Ct. J. 879 (Tex. 2004); *Klumb v. Houston Mun. Emples. Pension Sys.*, 2015 Tex. LEXIS 266 (Tex. 2015).

During the time Tex. Fam. Code §14.06 (a) was in force, parties to a divorce could enter into enforceable contracts regarding the payment of child support. Courts and parties soon realized the pernicious effect of such agreements and how such agreements interfered with the ability of Courts to act in the best interest of children under their jurisdiction. Next came the cases recognizing contract enforcement but overriding that principle through the creation of an evolving common law. Ultimately, the Legislature passed §154.124 and §156.402 that allowed contracts regarding child support but that precluded enforcement as a contract. The trade-off to preserve the parties' expectations in entering into agreements far in excess of guidelines was to make a change be dependent on a showing that the change must be in the best interest of the child. This Legislative

7

hurdle is designed and intended to prevent just the shenanigans Fletcher would have this Court adopt.

As stated in the Original Brief filed by Elizabeth, the finding that a drastic 55% reduction in child support is in the best interest of the children is not supported by the evidence. Further, Fletcher was unable to answer the question yes or no as to whether it is in the best interest of the children to provide them with less support. (RR 88.) The record should allow this Court to find evidence that three years after $6,000 per month in child support was in the best interest of the children, now only $2,565 per month is in their best interest. It does not.

It is undisputed that the child support order in the Agreed Final Divorce Decree, agreed to by Fletcher, went way beyond the guidelines, and the agreed-to amount of support was deemed to be in the best interest of the children by the parties. Following the divorce, the Family Code requires that any modification must be proved to be in the children's best interest. See, *Rumscheidt v. Rumscheidt,* 362 S.W. 3d 661, 666 (Tex. App – Houston [14th Dist.] 2011, no pet.) where the Court, affirming there was no material change in circumstances, held that "[t]he best interest of the child is always the trial court's primary consideration in determining questions of child support".

Moreover, in his brief, Fletcher disingenuously claims that Elizabeth should

8

be required to obtain her own employment. Yet at the time of their divorce, he clearly intended for her to be a stay at home mom to take care of the children, and the parties structured the divorce decree to reflect that decision. Now he is criticizing her for his own breach of their contract. This is another example of the only consideration that must be taken into account is what is best for him.

There is no evidence in the record to support that a 55% reduction in child support would be in the best interest of the children.

**Fletcher Has Failed to Produce Sufficient Evidence That There Was a Material and Substantial Change in His or the Children's Circumstances Requiring the Drastic Reduction in Child Support**

Again, the Family Code requires that Fletcher produce legally sufficient evidence that the circumstances of a child or person affected by the order have materially or substantially changed since the order, and that the requested and ordered change be in the best interest of the children. Tex. Fam. Code §156.101 (a)(1), 156.401 and 156.402. Fletcher's brief, at page 7, incorrectly asserts that the evidence supports a material and substantial change due to his alleged decline in income as a personal injury trial lawyer.

During his testimony, Fletcher admits that he publicizes on his firm's website for his professional corporation, Trammell, P.C., that he has won big verdicts. (RR 89.) The website states, in part, that "Fletch is one of the top trial lawyers in

9

America. In the past five years he has won over $1.7 billion in trial judgments against major pharmaceutical manufacturers, on top of hundreds of millions more in pre-trial settlements. His $1.2 billion jury verdict against Johnson & Johnson in 2012 was the highest judgment of any kind in America that year." See copies of pages from his website attached hereto as Tab 1 of the Appendix. Presumably, the snapshot of Fletcher's salary decline over the last two or three years took place while he was an employee at a prior law firm; at this point in time, it appears that Fletcher presently owns his own law firm, Trammell, P.C., and is one of the top trial lawyers in America.

In numerous cases, courts have found that they may take a parent's earning potential into account when determining the amount of child support the parent must pay. "The duty to support is not limited to a parent's ability to pay from current earnings, but extends to his or her financial ability to pay from any and all sources that might be available." *In re Marriage of Lassmann*, 2010 Tex. App. LEXIS 6982 *10; 2010 WL 3377773 (Tex. App – Corpus Christi 2010, no pet.) *citing Pharo v. Trice*, 711 S.W.2d 282, 284 (Tex. App.—Dallas 1986, no pet.)

Based on the evidence in this case, the trial court abused its discretion in its judgment that a drastic reduction in child support is in the best interest of the children and there has been a material and substantial change of circumstances, and

10

in this regard, should be reversed.

**Fletcher Has Failed to Produce Sufficient Evidence That the Modifications Of Elizabeth's Rights to Make Educational, Health Care, and Mental Health Care Decisions for the Children Are In the Children's Best Interest and That a Material and Substantial Change in Circumstances Has Occurred**

Fletcher's testimony supporting his request to alter the agreed rights awarded to Elizabeth, when distilled to their essence, is simply that "I would like to have these rights" or "just because". During his testimony, Fletcher admits numerous times that he has no criticism of the way Elizabeth has handled the decisions she has made, namely, that he is not saying that Elizabeth has made bad decisions per se (RR 71), that the children have all been at St. Mark's as long as they have gone to school and they like it (RR 56), he has no criticism of Elizabeth about any educational decision that she has made or can name any decision where he would have made a better decision (RR 99), that he has no criticism of Elizabeth about any medical, dental, surgical, psychiatric and psychological decision that she has made or can name any decision where he would have made a better decision (RR 99), that he has no issue with St. Mark's (RR 99), that his children are exemplary students (RR 99), that Elizabeth has consistently made good decisions (RR 100), that he ceded that decision-making power to Elizabeth at the time of the divorce (RR 99), that he is not here to criticize Elizabeth (RR 101), and that he believes that Elizabeth has the best interest of the children at heart (RR 103.)

11

It is clear that since the children are thriving and doing well, and in the past, Fletcher had no input into these matters, then there is no reason to believe that it would be in the children's best interest to make any changes in these custodial arrangements now. Moreover, Elizabeth points out that the parties are unable to communicate other than possibly by email. She explains in her testimony:

**Q.** **But you have since 2011, you sent him an email saying, Hey. She is in soccer?**

**A.** **No. Actually it's not right. Well, let me finish my sentence. Occasionally when he used to – he no longer comes up to the door to get the children, but there were times when we discussed things outside in the yard.**

**Q.** **So you do have the ability when you want to --**

**A.** **Well –**

**Q.** **-- to visit with him about --**

**A.** **No. I don't.**

**Q.** **Okay.**

**A.** **Not anymore. We don't talk.**

[RR 116.]

In a case like the instant one, the Court found that

"the evidence in the record as to the parties' inability to reach shared decisions and Father's testimony as to his unwillingness to communicate other than by email supports the trial court's ruling that it would be in the best interest of the children for Mother to have final decision-making authority with respect to educational matters. "

12

*In the Interest of C.C. J.,* 244 S.W. 3d 911, 924 (Tex. App – Dallas 2008, no pet.)

Moreover, the law is clear in Texas that when a court modifies terms and conditions of an order concerning conservatorship, possession, and access concerning a child, "the record must contain evidence in support of the terms of the modification—a bare recitation in the court's order that such modification is in the children's 'best interest' is not enough."*Moreno v. Perez,* 363 S.W. 3d 725, 738 (Tex. App – Houston [1st Dist.] 2011, no pet.)

Clearly, the terms and conditions of conservatorship should not be modified in this case since there is insufficient evidence that the modifications would be in the best interest of the children and that the circumstances of the children or conservator have "materially and substantially changed" since the rendition of the order. Tex. Fam. Code §156.101 (a)(1).

Fletcher's evidence in support of the desired changes was, in each instance, legally and factually insufficient. Accordingly, the Trial Court's Order in Suit to Modify Parent-Child Relationship, entered on June 30, 2014, in favor of Fletcher was an abuse of discretion.

## PRAYER

Appellant Elizabeth M. Trammell prays that this Court grant all requested relief including, without limitation, that this Court reverse the Order in Suit to

13

Modify Parent-Child Relationship, render a judgment in favor of Elizabeth and deny all relief requested by Fletcher to modify the parent-child relationship.

Elizabeth further prays that the Court grant her all whole, partial, general, specific, legal, equitable, statutory or other available relief.

Respectfully submitted,

ZUKOWSKI, BRESENHAN, SINEX & PETRY, L.L.P.
  /s/ Maurice Bresenhan, Jr.
MAURICE BRESENHAN, JR.
State Bar No. 02959000
CYNTHIA KEEN PERLMAN
State Bar No. 11161700
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969/(713) 963-9169 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify service of a true and correct copy of this Appellant's Reply Brief on April 15, 2015 as follows:

Sallee S. Smythe
800 Jackson Street
Richmond, Texas 77469
**VIA EMAIL smyth.sallee@gmail.com**

  /s/ Maurice Bresenhan, Jr.

14

**IN THE
FIRST COURT OF APPEALS OF TEXAS
AT HOUSTON, TEXAS**

**ELIZABETH M. TRAMMELL,**
*Appellant*

*v.*

**FLETCHER V. TRAMMELL, SR.**
*Appellee*

**Appendix**

| Tab | Document |
|-----|----------|
| 1 | pages from firm website of Trammell, P.C. |
| 2 | Texas Family Code §156.101(a)(1) |
| 3 | Texas Family Code §156.401 |
| 4 | Texas Family Code §156.402 |
| 5 | Texas Family Code §154.124 |

**TAB 1**



TRAMMELL PC Home About Us Our Lawyers Media Contact Us

# Our Lawyers
# Fletch Trammell

Fletch is one of the top trial lawyers in America. In the past five years he has won over $1.7 billion in trial judgments against major pharmaceutical manufacturers, on top of hundreds of millions more in pre-trial settlements. His $1.2 billion jury verdict against Johnson & Johnson in 2012 was the highest judgment of any kind in America that year.



In addition to representing individuals and their families against major international drug companies, Fletch has been retained by several State Attorneys General to prosecute those companies' violations of State fraud and consumer protection laws. Fletch's

trial victories on behalf of States are some of the highest judgments of their kind in the history of American jurisprudence.

Fletch is involved in every aspect of Trammell PC's cases. Fletch knows that each client's case involves that client's one and only opportunity to be heard in court. Trammell PC makes that opportunity count.

Fletch is consistently voted in as a Super Lawyer by his peers. He is licensed with the State Bars of Texas and New York and admitted to practice before multiple State and Federal Courts across the Country.

# Education and Admissions

- University of Mississippi. BBA 1997
- South Texas College of Law, J.D. Magna Cum Laude, 2003
- National Moot Court Champion, 2003
- South Texas Law Review
- Order of the Barristers
- Dean's List
- Multiple American Jurisprudence Awards
- Langdell Scholar
- Professional Affiliations
- State Bar of Texas

- New York State Bar
- American Association for Justice



## Contact Us

Phone: 800-405-1740

Fax: 800-532-0992

Send an Email

## Awards

RATED BY
Super Lawyers
Fletch Trammell

© 2015 Trammell PC All Rights Reserved.

**TAB 2**

§ 156.006
Note 9

PARENT–CHILD RELATIONSHIP
Title 5

MODIF
Ch. 156

cy concerning former wife's custody of child was a finding only necessary in a temporary order, and order contemplated a further hearing after psychological counseling had been obtained. In re Blevins (App. 6 Dist. 2004) 2004 WL 911317, Unreported, rehearing overruled, review denied. Child Custody ☞ 902

Temporary orders entered on mother's motion concerning child's residency, visitation rights and allegations of sexual abuse by step-father in proceeding on bio-logical father's motion to modify visitation, conservatorship, and child support as to out-of-wedlock child were not subject to interlocutory appeal; motion to modify parent-child relationship was suit affecting parent-child relationship, and statute provided that temporary orders entered in suit affecting parent-child relationship were not subject to interlocutory appeal. Pina v. Shaw (App. 1 Dist. 2004) 2004 WL 306096, Unreported. Children Out-of-wedlock ☞ 20.11

militar}
defined

Added b
Acts 199
1390, §
2001; A
Leg., ch.
Sept. 1,

Acts 19
subsec. (a
provision
deleted fi
redesigna
added sul
74th Leg.
"the re
aging coi
the welfai
Acts 19
sec. (b),
substitute
Section
1390 prov
"The ch
102.003,
107.014(a
156.006(b
by this A(
the paren
after the
this Act.
date of th
effect on
the forme
that purpc
Acts 20(
the section
"(a) The
designates
a child of ;
"(1) the
managing
vator, or c
have mate
since the c
and
"(2) the
managing
improveme

## SUBCHAPTER B. MODIFICATION OF CONSERVATORSHIP, POSSESSION AND ACCESS, OR DETERMINATION OF RESIDENCE

### § 156.101. Grounds for Modification of Order Establishing Conservatorship or Possession and Access

(a) The court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and:

(1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:

(A) the date of the rendition of the order; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based;

(2) the child is at least 12 years of age and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child; or

(3) the conservator who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months.

(b) Subsection (a)(3) does not apply to a conservator who has the exclusive right to designate the primary residence of the child and who has temporarily relinquished the primary care and possession of the child to another person during the conservator's military deployment,

military mobilization, or temporary military duty, as those terms are defined by Section 153.701.

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, § 47, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1390, § 16, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1289, § 5, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 1036, § 19, eff. Sept. 1, 2003; Acts 2009, 81st Leg., ch. 727, § 3, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 1113, § 28, eff. Sept. 1, 2009; Acts 2009, 81st Leg., ch. 1118, § 3, eff. Sept. 1, 2009.

### Historical and Statutory Notes

Acts 1995, 74th Leg., ch. 751 designated subsec. (a) and therein, in the introductory provision, inserted "of a child of any age"; deleted former subd. (2); as designated, redesignated subsec. (a)(3) as (a)(2); and added subsec. (b). As added by Acts 1995, 74th Leg., ch. 20, former subd. (2) read:

"the retention of the present sole managing conservator would be injurious to the welfare of the child; and"

Acts 1999, 76th Leg., ch. 1390, in subsec. (b), in the introductory paragraph, substituted "10" for "12".

Section 51(c) of Acts 1999, 76th., ch. 1390 provides:

"The changes in law made to Sections 102.003, 105.001(b) and (d), 107.0135, 107.014(a), 107.015, 153.008, 153.434, 156.006(b), and 156.101(b), Family Code, by this Act apply only to a suit affecting the parent-child relationship filed on or after the effective date [Sept. 1, 1999] of this Act. A suit filed before the effective date of this Act is governed by the law in effect on the date the suit was filed, and the former law is continued in effect for that purpose."

Acts 2001, 77th Leg., ch. 1289 rewrote the section, which formerly read:

"(a) The court may modify an order that designates a sole managing conservator of a child of any age if:

"(1) the circumstances of the child, sole managing conservator, possessory conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order; and

"(2) the appointment of the new sole managing conservator would be a positive improvement for the child.

"(b) The court may modify an order that designates a sole managing conservator of a child 10 years of age or older if:

"(1) the child has filed with the court in writing the name of the person who is the child's choice for managing conservator; and

"(2) the court finds that the appointment of the named person is in the best interest of the child."

Acts 2003, 78th Leg., ch. 1036 in the introductory paragraph deleted "or portion of a decree" following "modify and order"; rewrote subsec. (1); in subsec. (2), substituted "person" for "conservator" and "designate" for "determine"; and in subsec. (3) substituted "designate" for "establish". The former subsec. (1) read:

"the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order;"

Section 23(g) of Acts 2003, 78th Leg., ch. 1036 provides:

"(g) The changes in law made by this Act to Sections 156.101, 156.102(a) and (b), and 156.401(a), Family Code, apply only to an action to modify an order in a suit affecting the parent-child relationship pending on the effective date [Sept. 1, 2003] of this Act or filed on or after that date."

Acts 2009, 81st Leg., ch. 727 inserted subsec. (a) designator at the beginning of the section; and added subsec. (b).

Section 7 of Acts 2009, 81st Leg., ch. 727 provides:

"The changes in law made by this Act apply to a suit affecting the parent-child relationship that is pending in a trial court

379

**TAB 3**

## SUBCHAPTER D. MODIFICATION OF POSSESSION OF OR ACCESS TO CHILD [REPEALED]

## §§ 156.301 to 156.304. Repealed by Acts 2001, 77th Leg., ch. 1289, § 12(2), eff. Sept. 1, 2001

### Historical and Statutory Notes

Repealed §§ 156.301 to 156.304, providing for the modification of possession of or access to a child, were derived from:

Acts 1983, 68th Leg., p. 2354, ch. 424, § 9.
Acts 1987, 70th Leg., ch. 739, § 1.
Acts 1989, 71st Leg., ch. 617, § 4.
Acts 1993, 73rd Leg., ch. 766, § 10.

V.T.C.A., Family Code §§ 14.033(o), 14.08(c)(3).
Acts 1995, 74th Leg., ch. 20, § 1.
Acts 1995, 74th Leg., ch. 602, § 1.
Acts 1999, 76th Leg., ch. 62, § 6.21.
Acts 1999, 76th Leg., ch. 178, § 10.
Acts 1999, 76th Leg., ch. 1390, § 17(a).

## SUBCHAPTER E. MODIFICATION OF CHILD SUPPORT

### § 156.401. Grounds for Modification of Child Support

(a) Except as provided by Subsection (a–1), (a–2), or (b), the court may modify an order that provides for the support of a child, including an order for health care coverage under Section 154.182, if:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the earlier of:

(A) the date of the order's rendition; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based; or

(2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

(a–1) If the parties agree to an order under which the amount of child support differs from the amount that would be awarded in accordance with the child support guidelines, the court may modify the order only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition.

(a–2) A court or administrative order for child support in a Title IV–D case may be modified at any time, and without a showing of material and substantial change in the circumstances of the child or a person affected by the order, to provide for medical support of the child if the order does not provide health care coverage as required under Section 154.182.

(b) A support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of:

(1) the date of service of citation; or

(2) an appearance in the suit to modify.

(c) An order of joint conservatorship, in and of itself, does not constitute grounds for modifying a support order.

(d) Release of a child support obligor from incarceration is a material and substantial change in circumstances for purposes of this section if the obligor's child support obligation was abated, reduced, or suspended during the period of the obligor's incarceration.

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg., ch. 911, § 16, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 43, § 1, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 1036, § 21, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 916, § 19, eff. June 18, 2005; Acts 2007, 80th Leg., ch. 363, § 6, eff. Sept. 1, 2007; Acts 2007, 80th Leg., ch. 972, § 15, eff. Sept. 1, 2007; Acts 2011, 82nd Leg., ch. 508 (H.B. 1674), § 3, eff. Sept. 1, 2011; Acts 2013, 83rd Leg., ch. 742 (S.B. 355), § 5, eff. Sept. 1, 2013.

### Historical and Statutory Notes

Acts 1997, 75th Leg., ch. 911, in subsec. (a), designated subd. (1) and added subd. (2).

Section 98(b) and (c) of Acts 1997, 75th Leg., ch. 911 provides:

"(b) The change in law made by this Act does not affect a proceeding under the Family Code pending on the effective date [Sept. 1, 1997] of this Act. A proceeding pending on the effective date of this Act is governed by the law in effect at the time the proceeding was commenced, and the former law is continued in effect for that purpose.

"(c) The enactment of this Act does not by itself constitute a material and substantial change of circumstances sufficient to warrant modification of a court order or portion of a decree that provides for the support of or possession of or access to a child entered before the effective date of this Act."

Acts 1999, 76th Leg., ch. 43, added subsec. (d).

Section 2 of Acts 1999, 76th Leg., ch. 43 provides:

"This Act takes effect September 1, 1999, and applies to a child support order entered before, on, or after that date."

Acts 2003, 78th Leg., ch. 1036 rewrote subsec. (a)(1) which prior thereto read:

"(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition; or"

Section 23(g) of Acts 2003, 78th Leg., ch. 1036 provides:

"(g) The changes in law made by this Act to Sections 156.101, 156.102(a) and (b), and 156.401(a), Family Code, apply only to an action to modify an order in a suit affecting the parent-child relationship pending on the effective date [Sept. 1, 2003] of this Act or filed on or after that date."

Section 5(c) of Acts 2003, 78th Leg., ch. 1262 provides:

"(c) The change in law made by this Act does not by itself constitute a material and substantial change of circumstances under Section 156.401, Family Code, sufficient to warrant modification of a court order or a portion of a decree that provides for the support of a child rendered before the effective date [Sept. 1, 2003] of this Act."

Acts 2005, 79th Leg., ch. 916 subsec. (a), in the introductory paragraph, inserted "(a–1) or "; added subsec. (a–1); and in

438

**TAB 4**

probative and substantive evidence to support trial court's ruling, then there is no abuse of discretion. Tucker v. Tucker (App. 4 Dist. 1995) 908 S.W.2d 530, rehearing denied, writ denied. Child Support ☞ 555

Where divorced wife on appeal by divorced husband from order increasing amount of child support payments failed to demonstrate that current income of divorced husband was greater than it was when amount of child support was last fixed, Court of Civil Appeals would assume that it remained unchanged. Willis v. Willis (Civ.App. 1968) 425 S.W.2d 696. Child Support ☞ 555

## § 156.402. Effect of Guidelines

(a) The court may consider the child support guidelines for single and multiple families under Chapter 154 to determine whether there has been a material or substantial change of circumstances under this chapter that warrants a modification of an existing child support order if the modification is in the best interest of the child.

(b) If the amount of support contained in the order does not substantially conform with the guidelines for single and multiple families under Chapter 154, the court may modify the order to substantially conform with the guidelines if the modification is in the best interest of the child. A court may consider other relevant evidence in addition to the factors listed in the guidelines.

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1999, 76th Leg., ch. 62, § 6.22, eff. Sept. 1, 1999; Acts 1999, 76th Leg., ch. 556, § 12, eff. Sept. 1, 1999.

### Historical and Statutory Notes

Acts 1999, 76th Leg., ch. 62, in subsec. (a), substituted "154" for "153".

Acts 1999, 76th Leg., ch. 556, in subsec. (a), substituted "for single and multiple families under Chapter 154" for "in Chapter 153"; in subsec. (b), in the first sentence, inserted "for single and multiple families under Chapter 154".

**Prior Laws:**
Acts 1989, 71st Leg., ch. 617, § 6.
Acts 1993, 73rd Leg., ch. 798, § 6.
V.T.C.A., Family Code § 14.056(a), (b).

### Texas Annotated Code Series References

Child support guidelines,
Additional factors for court to consider, Sampson & Tindall's Texas Family Code, Family § 154.123.
Agreement concerning support, Sampson & Tindall's Texas Family Code, Family § 154.124.
Application of guidelines rebuttably presumed in best interest of child, Sampson & Tindall's Texas Family Code, Family § 154.122.
Application of guidelines to additional net resources, Sampson & Tindall's Texas Family Code, Family § 154.126.
Application of guidelines to children of obligors receiving social security, Sampson & Tindall's Texas Family Code, Family § 154.133.
Application of guidelines to net resources, Sampson & Tindall's Texas Family Code, Family § 154.125.

**TAB 5**

gations; father owed some undetermined amount in child support, and calculation of father's net resources was only one step in assessing child support. Marquez v. Moncada (App. 1 Dist. 2012) 388 S.W.3d 736, rehearing overruled. Children Out-of-wedlock ⇐ 73

The trial court did not abuse its discretion when it failed to consider the value of father's personal use of his company's truck and the $1,000 monthly health insurance premium paid on father's behalf by his company as "additional factors" supporting departure from the child support guidelines on his motion to modify his support obligation; the record did not show the dollar amount of the value of father's use of the company vehicle he received, or evidence as to what portion of the health insurance premium payment was attributable to insurance for father, his wife, or stepson. In re P.C.S. (App. 5 Dist. 2010) 320 S.W.3d 525, review denied. Child Support ⇐ 357

Evidence was legally insufficient to support default judgment modifying child support; despite evidence that amount was below statutory child support guidelines, there was no evidence regarding best interests of children or any factors the court may consider in determining that applica-

tion of child support guidelines would be unjust or inappropriate under the circumstances. Agraz v. Carnley (App. 5 Dist. 2004) 143 S.W.3d 547. Child Support ⇐ 342

Evidence was insufficient to support finding that former husband's earnings would be $970 per month one year after child support hearing which determined such figure; former husband's earning potential could not be determined based on his earnings in prior years, given his erratic employment history in the two years preceding hearing. Starck v. Nelson (App. 13 Dist. 1994) 878 S.W.2d 302. Child Support ⇐ 339(3)

Evidence supported trial court variance from the child support guidelines and order which did not require wife to pay husband child support, even though husband had primary physical custody of the parties son; husband manipulated son so that son did not want to see wife anymore, wife only made $8.50 per hour and was on probationary status at her place of employment, wife provided health insurance for child, and wife had special education and health needs. Trueheart v. Trueheart (App. 14 Dist. 2003) 2003 WL 22176626, Unreported. Child Support ⇐ 60; Child Support ⇐ 148

## § 154.124. Agreement Concerning Support

(a) To promote the amicable settlement of disputes between the parties to a suit, the parties may enter into a written agreement containing provisions for support of the child and for modification of the agreement, including variations from the child support guidelines provided by Subchapter C.[1]

(b) If the court finds that the agreement is in the child's best interest, the court shall render an order in accordance with the agreement.

(c) Terms of the agreement pertaining to child support in the order may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as a contract.

(d) If the court finds the agreement is not in the child's best interest, the court may request the parties to submit a revised agreement or the court may render an order for the support of the child.

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 2003, 78th Leg., ch. 480, § 1, eff. Sept. 1, 2003.